IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH R. BUTTERS and
JOHN E. LAMBERT,

    Plaintiffs,

vs.                                      CASE NO.:6:04-cv-324-ORL-18JGG

GRAPHIC IMAGINATION, INC.,
a Florida Corporation, GARY
SIDDERS, JR., and AMY SIDDERS,
jointly and severally,

    Defendants,

_____/

## ORDER

This Fair Labor Standards Act (FLSA)[1] case comes before the Court on Defendants' motion for summary judgment (Doc. 29, filed April 8, 2005), to which Plaintiffs have responded in opposition (Doc. 33, filed April 30, 2005). For the reasons stated herein, the Court denies Defendants' motion.

### I. BACKGROUND

Defendants Gary and Amy Sidders are co-owners of Defendant corporation Graphic Imagination, Inc. ("Graphic").[2] Graphic designs, produces, and affixes vinyl graphic decals to vehicles. Graphic's customer base is largely comprised of emergency services providers, such as police departments and ambulance services. Graphic hired Plaintiffs Butters and Lambert as "installers" to travel throughout Florida and affix the decals to customers' vehicles.

---

[1] 29 U.S.C. §§ 201 *et seq.* (1998).

[2] The parties do not dispute in the instant motion whether the Defendants are statutorily covered employers.

Defendants allege that the installers are paid a specific sum of money depending on the complexity and size of the decal application. Plaintiffs allege that their compensation did not take into account additional travel time to job locations. For instance, Butters contends that he was paid the same for a local installation as for an installation in Miami Beach, which required ten hours of travel time. (Butters Aff. ¶ 26.) Based on the allegedly unpaid travel time, Butters and Lambert bring the instant action for unpaid overtime pursuant to 29 U.S.C. § 207(a).

## II. DISCUSSION

### A. Summary Judgment

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on his pleadings to satisfy its

burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322.

### B. *Affirmative Defense*

Under the FLSA, employers are required to compensate employees at one and one-half times the employee's regular hourly rate for any hours in excess of a forty-hour workweek. 29 U.S.C. § 207(a). Defendants contend that Plaintiffs fall within an exception to this general rule, which provides that "retail or service establishments" are exempted from the overtime requirement if: (1) the employee's regular rate of pay exceeds one and one-half times the applicable minimum wage; and (2) more than half the employee's compensation represents commissions on goods or services. 29 U.S.C. § 207(i).

#### 1. *Waiver*

Defendants failed to assert this affirmative defense in their answer. (Doc. 4.) It is well-settled that a party waives its right to rely on an affirmative defense if it is not asserted in a responsive pleading. Steger v. General Elec. Co., 318 F.3d 1066, 1077 (11th Cir. 2003). Issues not raised in the pleadings may only be considered when they are tried by the express or implied consent of the parties. Id.

AO 72A
(Rev.8/82)

In the instant case, Defendants' failure to plead the defense deprived Plaintiffs of the opportunity to fully investigate the nature of Graphic's business in order to determine to what extent Graphic is an exempt "retail or service establishment." Plaintiffs may legitimately claim surprise given that Defendants did plead a separate affirmative defense, upon which they do not rely in the instant motion. Mitchell v. Jefferson Co. Bd. of Educ., 936 F.2d 539, 544 (11th Cir. 1991) (noting that courts should assess whether plaintiffs were deprived of notice and whether they may legitimately claim surprise and prejudice). The Court accordingly finds that Defendants have waived their § 207(i) defense. See Donovan v. Hamm's Drive Inn, 661 F.2d 316, 317-18 (5th Cir. 1981)[3] (noting that the retail or service establishment exemption is an affirmative defense that is waived if not pleaded) (citing Brennan v. Valley Towing Co., 515 F.2d 100, 104 (9th Cir. 1975).)

### 2. *Applicability*

Even if the Court were to consider Defendants' unpled defense, it does not apply to the instant set of facts. Defendants rely on an Eleventh Circuit case in which the court affirmed the application of the retail and service establishment exception to the work of an auto body shop painter who was paid by each repair job. Klinedinst v. Swift Investments, Inc., 260 F.3d 1251 (11th Cir. 2001). The Court need not confront the specific issue in Klinedinst -- whether the payment by the job represented a "commission" within the meaning of § 207(i) -- because the Court finds that Graphic is not a "retail or service establishment" within the meaning of the applicable law and regulations.

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

Graphic is a sign company engaged in the business of designing, producing, and affixing vinyl graphic decals. (A. Sidders Aff. ¶ 3.) The Regulations provide the following guidance in assessing the retail nature of an establishment:

> Typically a retail or service establishment is one which sells goods or services to the general public. It serves the everyday needs of the community in which it is located. The retail or service establishment performs a function in the business organization of the Nation which is at the very end of the stream of distribution, disposing in small quantities of the products and skills of such organization and does not take part in the manufacturing process. Such an establishment sells to the general public its food and drink. It sells to such public its clothing and its furniture, its automobiles, its radios and refrigerators, its coal and its lumber, and other goods, and performs incidental services on such goods when necessary. It provides the general public its repair services and other services for the comfort and convenience of such public in the course of its daily living. Illustrative of such establishments are: Grocery stores, hardware stores, clothing stores, coal dealers, furniture stores, restaurants, hotels, watch repair establishments, barber shops, and other such local establishments. 29 C.F.R. § 779.318(a) (internal cross references omitted).

In contrast to the retail establishments selling small quantities of products to the general public and not taking part in the manufacturing process, the Regulations also specify that the following establishments lack a "retail concept": billboard advertising agencies, commercial art firms, blue printing and photostating establishments, sign-painting shops, establishments dealing in window displays, siding and insulation contractors, and painting contractors. 29 C.F.R. § 779.317. The Court finds that Graphic's business is decidedly more analogous to this latter group of non-retail establishments.

Although the Regulations provide that installation "which is incidental to a retail sale . . . is considered an exempt activity," 29 C.F.R. § 779.321(d), the Court finds that the instant set of facts do not indicate that installation is merely incidental to Graphic's manufacture and sale of decals. The burden of proving the exception by clear and affirmative evidence is on

5

Defendants, <u>Birdwell v. City of Gadsden, Ala.</u>, 970 F.2d 802, 805 (11th Cir. 1992), and the Defendants have provided no evidence that indicates that installation is merely incidental to the sale of the decals, nor does it fall within the description of such incidental work contained in the relevant Regulation:

> By way of example, if the installation for the customer of such goods sold to him at retail requires only minor carpentry, plumbing or electrical work . . . or where only labor of the type required for the usual installation of chain link fences around a home or small business establishment is involved, will normally be considered as incidental to the retail sale of the goods involved (unless, of course, the transaction between the parties is for a construction job at an overall price for the job, involving no retail sale of goods as such). 29 C.F.R. § 779.321(d).

The regulations further direct that installation is not incidental to a retail sale when "the cost to the purchaser of the installation in relation to the sale price of the goods is substantial" or when "the goods installed are of a specialized type which the general consuming public does not ordinarily have occasion to use." 29 C.F.R. § 779.321(d). With little evidence on these issues, the Court does find, at the very least, that the decals installed are of a specialized type that the general public does not ordinarily use.

Exceptions to the overtime requirement are construed narrowly against employers. <u>Birdwell</u>, 970 F.2d at 805. The court accordingly finds, based on Graphic's similarity to such non-retail establishments as sign painting shops and painting contractors, as well as Graphic's apparent focus on manufacture and installation of decals to specific customers, that the company is not a retail or service establishment within the meaning of section 207(i).

As a final matter, the Court notes that Defendants have failed to set forth undisputed evidence regarding the first requirement of the § 207(i) affirmative defense: that the Plaintiffs' regular rate of pay exceeds one and one-half times the applicable minimum wage. Defendants

6

have cobbled together a spreadsheet that attempts to recreate Plaintiff Butters' working hours in 2002 and 2003. (Doc. 30, Exs. 3-5.) Defendants present no such evidence as to Plaintiff Lambert. Although Defendants' spreadsheet indicates that Butters worked 49.5 overtime hours, Butters contends that he worked approximately 1307 overtime hours. (Id.; Butters Aff. ¶ 23.) Even had Defendants not failed to plead and prove their affirmative defense as a matter of law, this disputed issue of fact would preclude the issuance of summary judgment. See Klinedinst, 260 F.3d at 1257 (stating that a dispute over number of hours worked, where the employer failed to keep contemporaneous time records, was an issue for the fact finder).

### III. CONCLUSION

Based on the foregoing discussion and upon careful consideration of the record and all relevant law, it is **ORDERED** and **ADJUDGED** that Defendants' motion for summary judgment (Doc. 29) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida this ___7___ day of June, 2005.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record